## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

**FRANK DWIGHT MACK,**                     **CIVIL ACTION NO.**

      **Plaintiff,**


**Vs.**

**TI'QUITA MILES,**

      **Defendant.**


## COMPLAINT

Plaintiff, Frank Dwight Mack, Jr. ("Mack"), files this Complaint pursuant to 42 U.S.C. § 1983 and states as follows:

### PLAINTIFF

### 1.

Plaintiffs Mack was at all times relevant incarcerated at the Augusta State Medical Prison in Augusta, Georgia in the Georgia Department of Corrections which is within the Southern District of Georgia.

### DEFENDANTS

### 2.

The Defendant Officer Miles was at all times relevant an officer employed at the Augusta State Medical Prison in Augusta, Georgia. The

Defendant may be served with process at Augusta State Medical Prison located at 3001 Gordon Highway, Grovetown, GA 30813 which is within the Southern District of Georgia.

## JURISDICTION

### 3.

Jurisdiction for this action is pursuant to 28 U.S.C. § 1331 and arises under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

### 4.

Venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of Georgia where at all times relevant the acts of the Defendant occurred giving rise to this cause of action at Augusta State Medical Prison located at 3001 Gordon Highway, Grovetown, GA 30813 which is within the Southern District of Georgia. The Defendant resides and may be found and served in the Southern District of Georgia.

## PREREQUISITES TO FILING

### 5.

Plaintiff has no prerequisites to filing as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e as he is no longer incarcerated.

## OPERATIVE FACTS

6.

On March 31, 2017, Plaintiff Mack was brutally stabbed nine times by an inmate at Augusta State Medical Prison who was unlawfully allowed access to Plaintiff Mack's dorm.

7.

At around 9:00 PM or 9:30 PM the night of the incident, Officer Miles was the acting booth officer performing the official count. During this time, Officer Miles opened the door to Dorm 3 while the door to Dorm 2 was open, allowing the inmate from Dorm 3 who eventually stabbed Plaintiff Mack to gain access to Plaintiff Mack in Dorm 2.

8.

The inmate who stabbed Plaintiff Macke entered Dorm 2 and brutally attacked him while he was asleep in his wheelchair, stabbing him nine times in his shoulder, arm, armpit and stomach at around 10:15 PM. Plaintiff Mack, shocked at what was happening, got out of his wheelchair and tried to get behind it as a shield to protect himself. The inmate who stabbed Plaintiff Mack fled from Dorm 2 immediately following the incident.

9.

After the attack, Officer Robertson, the acting floor officer headed to Dorm 2 and entered through the side door from Dorm 3 which Officer Miles left open. Officer Robertson asked Plaintiff Mack what happened to which he responded in excruciating pain that he had been stabbed by another inmate.

10.

Following the incident, Plaintiff Mack bled out as other inmates retrieved sheets and rags to try to stop Plaintiff Mack's blood loss. Around this time, Officer Miles made it back to Dorm 2 where Plaintiff Mack asked why Officer Miles allowed the inmate to come in and brutally attack him, to which Officer Miles just smiled. Plaintiff Mack was taken to the hospital later that night to receive treatment for his multiple stab wounds.

## CAUSE OF ACTION

11.

Defendant Miles failed to protect Plaintiff Mack by opening the doors connecting dorms 2 and 3, allowing an inmate to gain access to Plaintiff Mack's dorm and stab him nine times.

12.

Defendant Officer Miles acted with reckless disregard and was deliberately indifferent to her duty while assigned take the official count of the inmates the night of the incident.

13.

Plaintiff Mack brings this action against the Defendant, in her individual capacity for damages who under color of law have caused or have been deliberately indifferent to the substantial risk of serious harm to Plaintiff Mack which did cause serious injury, pain and suffering resulting in damages in violation of the Eighth Amendment of the Constitution and laws of the United States and the Constitution and laws of the State of Georgia.

14.

The Defendant in her capacity knew that her actions or deliberate indifference would pose a substantial risk of serious harm to Plaintiff Mack in violation of the Constitution and laws of the United States and the Constitution and laws of the State of Georgia. The actions of the Defendant under color of violated clearly established constitutional rights of which they knew or a reasonable person would have known. The pre-existing law was apparent and its contours sufficiently clear that they should have understood that what the Defendant was doing in exposing Plaintiff Mack to substantial

risk of serious harm by failing to protect Plaintiff Mack from potential and the actual resulting attack by another inmate violated the Eighth Amendment of the Constitution and laws of the United States and the Constitution and laws of the State of Georgia.

15.

Plaintiff Mack is entitled to recover damages as provided by law from the Defendant, in her individual capacity in compensation for the injuries that he received because of actions and deliberate indifference of the Defendant.

WHEREFORE, Plaintiff Mack prays that the Court grant the relief to which he is entitled in this proceeding, including:

(1)     That the Plaintiff Mack be awarded compensatory damages, against the Defendant in her individual capacity for her deliberate indifference in failing to maintain adequate security and other minimum security measures to protect Plaintiff Mack from the violent stabbing attack by another inmate and his resulting injuries in violation of the Eighth Amendment of the United States Constitution, the laws of the United States, the Georgia Constitution and the laws of the State of Georgia;

(2)     That the Court award attorney's fees and the costs of this action;

(3)	That the Court award such other relief as may be proper:

(4)	That this case be tried by jury.


*/S/ McNeill Stokes*
McNeill Stokes
Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@ bellsouth.net